480

## Mallios v. Bureau of Liquor Control Enforcement

*William C. Kollas,* for appellant.
*Michael S. Sherman,* for appellee.

BAYLEY, *J.,* September 11, 1989 — On May 16, 1988, the Bureau of Liquor Control Enforcement issued a citation, no. 87-2915, against James J. and Evdokia Mallios, t/a Paradise Hotel, licensee. The citation charged that both narcotics trafficking and gambling took place at their licensed premises in Mechanicsburg, Cumberland County. Hearings were held before an administrative law tribunal on November 30 and December 2, 1988. On February 24, 1989, an administrative law judge issued an opinion in support of an adjudication dismissing the citation as untimely filed. The bureau appealed the order to the Pennsylvania Liquor Control Board.

On August 4, 1989; the PLCB, in an opinion in support of an order, stated:

"The sole issue is a question of law: Does section 471(a) of the Liquor Code (47 P.S. §4-471(a)) mandate that a citation be issued within one year of

the alleged date of violation, or does it mandate that a citation be issued within one year from the date the BLCE *learns* of the violation?" (emphasis in original)

After analyzing the issue the board concluded that the administrative law judge erred in dismissing the citation. It entered the following order:

"The decision of the ALJ [administrative law judge] is reversed and the matter is remanded to them to proceed with the case on its merits."

The licensee appealed the board's order to this court.* On August 22, 1989, we routinely entered a stay order and set a hearing for October 23, 1989. On August 31, 1989, the Bureau of Liquor Control Enforcement, Pennsylvania State Police, filed motions to dismiss the appeal and strike the stay order. Appellee sets forth two reasons for the relief requested. First, it maintains that the order of the PLCB remanding the case to the administrative law judge to proceed on its merits is interlocutory. Secondly, it maintains that section 471 of the Liquor Code, 47 P.S. §471(b), prohibits a licensee from appealing an order of the PLCB to a court of common pleas unless the licensee was fined or its license was suspended or revoked. Section 4-471(b) provides in pertinent part:

*"In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the adjudication of the administrative law judge, there shall be a right of appeal to the board.* The appeal shall be based solely on the record before the administrative law judge. The board shall affirm the decision of the administrative law judge if

---

* The named appellee was the "Pennsylvania Liquor Control Board." The licensee subsequently amended the caption to change the name of the appellee to "Bureau of Liquor Control Enforcement, Pennsylvania State Police."

it is based on substantial evidence; otherwise, the board shall reverse the decision of the administrative law judge. *In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the decision of the board, there shall be a right to appeal to the court of common pleas* in the same manner as herein provided for appeals from refusals to grant licenses. Each of the appeals shall act as a supersedeas unless, upon sufficient cause shown, the reviewing authority shall determine otherwise; however, if the licensee has been cited and found to have violated section 493(1) insofar as it relates to sales to minors, section 493(10) insofar as it relates to lewd, immoral or improper entertainment or section 493(14), (16) or (21), or has been found to be a public nuisance pursuant to section 611, or if the owner or operator of the licensed premises or any authorized agent of the owner or operator has been convicted of any violation of the Controlled Substance, Drug, Device and Cosmetic Act, or of 18 Pa.C.S. §5902 or 6301, at or relating to the licensed premises, its appeal shall not act as a supersedeas unless the reviewing authority determines otherwise upon sufficient cause shown." (emphasis supplied)

The licensee in the present case was not fined nor was its license suspended or revoked. Accordingly, there is no "right" for it to appeal the order of the PLCB to this court. Under section 471(b), a licensee may only file an appeal to a court of common pleas (1), from an order of the PLCB, and (2), when it has been fined or its license is suspended or revoked. Accordingly, we will grant relief on the motions of the bureau. The effect of our order will allow the case to be returned to the administrative law judge to proceed on the merits pursuant to the Board's order of remand. If the administrative law judge ultimately enters an order fining the licensee or

suspending or revoking its license, the licensee may appeal that order to the PLCB. The licensee may only file an appeal to this court from an order of the PLCB where it has been fined or its license has been suspended or revoked.

## ORDER OF COURT

And now, September 11, 1989, the within appeal is dismissed and the hearing set on the appeal is canceled. The stay order entered on August 22, 1989, is stricken.